## Albert J. Edwards, Appellant, *v.* The County of Allegheny.

*Public officers—District attorney of Allegheny county—Acts of February* 6, 1867, *April* 6, 1871, *and June* 16, 1891—*Compensation.*

The assistant district attorney of Allegheny county, whose duties are defined by the special Act of February 6, 1867, P. L. 140, whose salary is fixed at fifteen hundred dollars by the special Act of April 6, 1871, P. L. 476, and who is independent of the district attorney, is not a first assistant district attorney within the scope and meaning of the Act of June 16, 1891, P. L. 314, entitled as such to a salary of four thousand dollars a year.

The legislature in fixing the salary of a first assistant district attorney had in view an officer who was an assistant of and subject to the district attorney in the performance of the duties of his office, and not an officer who was independent of the district attorney, and whose duties were defined by a special act.   Per McCollum, J.

· *It seems* that the assistant district attorney of Allegheny county is not entitled to fees, but to the salary of $1,500 a year fixed by the act of 1871

Argued Nov. 9, 1896.  Appeal, No. 197, Oct. T., 1896, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., March T., 1896, No. 224, for defendant on case stated.  Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ.   Affirmed.

Case stated to determine the compensation of the assistant district attorney of Allegheny county.

The case stated was as follows:

The plaintiff is the assistant district attorney of Allegheny county, duly elected as such officer on November 19, 1894, for the term of three years, the said term for which he was so elected as aforesaid beginning on the first Monday of January, 1895.

Plaintiff duly qualified as such officer on said first Monday of January, 1895, and since then has discharged the duties of the said office with all due care and fidelity. and is yet continuing so to do.

The plaintiff is entitled to receive from the defendant the compensation fixed by law for the services aforesaid, and in this action compensation is to be allowed for the months of

January, February, March, April, May, June, July, August, September, October and November, of the year 1895.

All local acts of assembly, and all special acts of assembly relating to the office of assistant district attorney of Allegheny county, or to such officer, shall be considered and treated in the determination of this proceeding as though the same had been specially set forth and pleaded.

In the year 1870, the population of the defendant county was over 250,000 inhabitants, and less than 300,000; in the year 1880, by the same census, over 350,000 inhabitants, and less than 400,000, and, in the year 1890, by the same census, over 500,000 inhabitants.

The plaintiff claims to be entitled under the law and the several acts of assembly of this commonwealth relating thereto to a salary of $4,000 per annum, payable monthly, and his compensation for the months aforesaid, on that basis, would be $3,666.66, for which he has made due and legal demand upon the proper officers of said county for approval of his claim thereto and warrants therefor and payment thereof, which said demand and payment, etc., has been refused, and plaintiff has received no salary or compensation for the services aforesaid for the months aforesaid, but the same is still wholly due, owing and unpaid him.

That defendant claims that the compensation of plaintiff is less than the sum claimed by him.

Now, if the court is of opinion, upon consideration of the facts above detailed, that the law is with the plaintiff, then judgment to be entered in favor of plaintiff and against defendant in the sum of $3,666.66, with costs of suit; but, if the court be of the contrary opinion, then judgment to be entered in favor of plaintiff, and against defendant for such amount as the court may find the legal compensation of plaintiff to be, without costs.

Either party reserves the right to file exceptions to the finding, opinion and decree or judgment of the court, and to sue out an appeal or writ of error therefrom.

The court entered judgment for plaintiff for $1,375.

*Error assigned* was in not entering judgment for plaintiff for $3,666.66.

*G. W. Williams* and *D. T. Watson,* with them *Johns McCleave,* for appellant.—The appellant is a first assistant district attorney within the meaning of the act of 1891 : McCleary v. Allegheny County, 163 Pa. 578 ; Bell v. Allegheny County, 149 Pa. 381 ; Com. v. Grier, 152 Pa. 176 ; Com. v. McCombs, 56 Pa. 436 ; In re Election of Barber, 86 Pa. 392 ; Nusser v. Com., 25 Pa. 126 ; Knox County v. McComb, 19 Ohio, 320 ; Water Commissioners v. Conkling, 113 Ill. 340.

*W. B. Rodgers,* for appellee, cited Com. ex rel. v. Grier, 152 . Pa. 183.

OPINION BY MR. JUSTICE McCOLLUM, May 18, 1897 :

The question on this appeal is whether the assistant district attorney of Allegheny county is entitled to a salary of $1,500 a year or to a salary of $4,000 a year. In 1871 his salary was fixed at the former sum and it has been regularly paid to him since. It is his salary now, unless the Act of 1891, P. L. 314 has changed it. The court below held that the salary as fixed by the act of 1871 had not been changed by subsequent legislation, and entered a judgment accordingly.

The act of 1891 fixes the salary of the first assistant district attorney in counties having over 500,000 and less than 800,000 inhabitants at $4,000 a year, and the contention of the plaintiff is that as he is the only assistant district attorney in Allegheny county he must be considered as within the purview of the act and entitled to the salary attached to the office of first assistant district attorney in counties of this class. The contention however assumes too much. It is not a necessary conclusion from the undisputed fact on which he relies that he is entitled to the salary he claims. The duties which pertain to the office he now holds are specifically defined by the act which created it, and they have not been changed by the act of 1891 or any other act. The office was created for Allegheny county by the Act of February 6, 1867, P. L. 140. No other county in the commonwealth has such an office. In Com. v. Grier, 152 Pa. 183, EWING, P. J., said of it : " The office of assistant district attorney in Allegheny county is an anomaly in the law of Pennsylvania. The office was created in fact for a special purpose and has been continued because it is difficult to repeal such an

act. The officer is in no way dependent on the district attorney nor accountable to him, nor can he be called on officially to assist him. The duties are specified in the act and he is made an assistant only in name."

It is an elective office and the person chosen to fill it is entitled to hold it for the term of three years, subject however to removal therefrom for such causes as authorize the removal of a district attorney. The duties of it are defined in section 5 of the act which created it, as follows : " It shall be the duty of said assistant district attorney to attend to all preliminary hearings in criminal cases arising in said county when the public interests may require it; to prepare all bills of indictment for offenses cognizable in the courts having jurisdiction thereof within said county, and to submit the same to the grand jury with the commonwealth's testimony, and to affix to said bill of indictment the name of the district attorney; Provided, that nothing herein contained shall interfere with the right of the district attorney to prepare a bill of indictment ex officio as heretofore when proper occasion may arise." By the act of 1867 the assistant district attorney was allowed as compensation for his services, one third of the fees pertaining to the district attorney's office. By the Act of 1871, P. L. 476, these fees when collected were payable into the county treasury, the salary of the district attorney was fixed at $4,000, and the salary of the assistant district attorney at $1,500. The act of 1891 if applicable to the anomalous office of assistant district attorney of Allegheny county would add 166⅔ per cent to the salary of the plaintiff while it adds but 50 per cent to the salary of the district attorney.

It seems to us that the assistant district attorney of Allegheny county is not a first assistant district attorney within the scope and meaning of the act of 1891. As we have already seen, his duties are limited to preliminary hearings in criminal cases; to the preparation of and affixing the name of the district attorney to the bills of indictment and to the submission of the same with the commonwealth's testimony to the grand jury. In the performance of these duties he is in no sense subordinate to the district attorney, but on the contrary he is absolutely independent of him. He cannot be officially called to the assistance of the district attorney in the performance of the duties that remain

to him.   This, we think, is not the kind of assistant district attorney who is entitled to the salary which the plaintiff now claims.   In our opinion the legislature in fixing the salary of a first assistant district attorney had in view an officer who was an assistant of and subject to the district attorney in the performance of the duties of his office and not an officer who was independent of the district attorney, and whose duties were defined by a special act.   As we think that the act of 1891 has no application to the office of assistant district attorney created for Allegheny county by the act of February 6, 1867, it is not necessary to consider whether the plaintiff now holds a salaried office or a fee office.   We may say however that as we understand the facts the incumbent of the office has received no fees for his services since 1871, and that since that time the county has paid to him the full salary of $1,500 a year.   We do not discover in the act of 1871 nor in any subsequent act anything to warrant a conclusion that he is now entitled to fees.

Judgment affirmed.